MARTIN V STATE OF TEXAS

NO. 07-01-0464-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 14, 2001

______________________________

MICHAEL LEE MARTIN,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 181
ST
 DISTRICT COURT OF RANDALL COUNTY;

NO. 12,875-B; HON. JOHN BOARD, PRESIDING

_______________________________

ABATEMENT AND REMAND

_______________________________

Before BOYD, C.J., QUINN and REAVIS, JJ.

Pending before this Court is the motion of Mr. Rick Keffler to withdraw as attorney of record on appeal.  In his motion, he requests that he be relieved from any responsibility on this appeal because he has “not been paid any part of his fee to handle this appeal and furthermore has not been paid the anticipated costs of pursuing this appeal.”    

Accordingly, we now abate this appeal and remand the cause to the 181st District Court (trial court) of Randall County.  Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following: 

     1.  whether appellant desires to prosecute his appeal; and 

     2.  whether appellant is indigent and entitled to the appointment of counsel. 

The trial court shall cause the hearing to be transcribed.  Should it be determined appellant is indigent and entitled to appointed counsel, the trial court shall appoint counsel of its choice to prosecute this appeal.  Furthermore, the trial court shall issue pertinent findings of fact and conclusions of law addressing 1) appellant’s status as an indigent, if any, and 2) his entitlement to appointed counsel, if any.  Should counsel be appointed by the court, the latter’s findings of fact and conclusions of law shall also contain the name, state bar number, address, phone number, and telefax number of the newly appointed counsel.  The trial court shall cause its findings of fact and conclusions of law to be included in a supplemental clerk’s record.  The trial court shall also cause the supplement clerk’s record and transcription of the hearing to be filed with the Clerk of this Court by Monday, January 14, 2002.  Should further time be needed by the trial court to perform these tasks, then same must be requested before January 14, 2002.  The motion of Mr. Keffler to withdraw will be held in abeyance until this court receives the supplemental clerk’s record and transcription.

It is so ordered. 

                                               Per Curiam 

                                                  

Do Not Publish.